UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re Application of MICHAEL PENNER and STUART SYBERSMA in their capacity as Joint Official Liquidators of BTU POWER COMPANY (IN OFFICIAL LIQUIDATION) for Order Granting Leave to Conduct Discovery for Use in Proceeding in Foreign Tribunal Pursuant to 28 U.S.C. §1782, <br><br> Applicants. | Civil Action No. 17-cv-12136-IT |

MEMORANDUM & ORDER

November 22, 2017

Michael Penner and Stuart Sybersma have filed a <u>Renewed Application for Order Granting Leave to Conduct Discovery for Use in Proceeding in Foreign Tribunal</u> [#7] ("application") in their capacity as Joint Official Liquidators ("JOLs") of BTU Power Company, a Cayman Islands corporation. The application seeks leave pursuant to 28 U.S.C. § 1782(a) to conduct limited discovery in the United States related to the JOLs' filing of proceedings in the Grand Court of the Cayman Islands ("Grand Court") against BTU Power Company's former director, Wael Almazeedi. The JOLs seek information and documents from Alessandro Ucciferri, Geoffrey Kent, Daniel Rorabaugh, Tiedemann & Associates, P.C., and Bank of America Corporation (collectively the "Respondents"), all located in the District of Massachusetts.[1] For the reasons that follow, the JOLs' application is GRANTED.

---

[1] The JOLs filed their original application *ex parte*, but at the court's direction provided both Almazeedi and the Respondents with notice of the renewed application. Almazeedi appeared through counsel, and opposed the application. The Respondents have not opposed the JOLs' application.

I.      Background

Prior to the appointment of the JOLs, Almazeedi served as the sole director of BTU Power Company. In a 2003 agreement, Almazeedi delegated responsibility for managing BTU Power Company to BTU Power Management Company ("the Manager"). Almazeedi and his wife, Mitsue Oishi, served as majority owners of the Manager.

In November 2011, some preference shareholders of BTU Power Company filed a winding up petition in the Grand Court. All BTU Power Company preference shareholders ultimately supported an amended version of this petition. In January 2012, the Grand Court issued a Winding Up Order that placed BTU Power Company in official liquidation, appointed the JOLs, and authorized the JOLs to take any action necessary in connection with the winding up of BTU Power Company.[2] Specifically, the Winding Up Order contemplated:

> The JOLs investigating the claims made in the [Winding Up] Petition against Mr. Almazeedi and the Manager and, if the JOLs are so advised, bringing such action or actions in the name of [BTU Power Company] as against Mr. Almazeedi and/or the Manager as may be considered appropriate.

First Michael Penner Aff't Ex. 2 ["Winding Up Order"] [#9-2].

Through the application here, the JOLs seek to conduct discovery of specific individuals and companies located in the District of Massachusetts for such an action before the Grand Court, namely proceedings against Almazeedi claiming breach of fiduciary duty,

---

[2] Almazeedi has challenged the Grand Court's proceedings. This appeal is still pending. The JOLs contend, and Almazeedi does not dispute, that even if the appeal is successful, it is unlikely to limit the ability of the JOLs to bring legal proceedings against Almazeedi. All preference shareholders supported the appointment of the JOLs in the amended winding up petition, and if the Winding Up Order is vacated, those same preference shareholders could seek reappointment of the JOLs, and no party (other than preference shareholders) would have standing to challenge their reappointment.

misappropriation of corporate funds, and unjust enrichment. As of the filing of their written submissions, the JOLs had not yet instituted the planned legal proceedings against Almazeedi in the Grand Court, see Second Michael Penner Aff't ¶¶ 3-4 [#31]. At a show cause hearing on November 20, 2017, the JOLs' counsel informed the court that the JOLs filed a writ of summons in the Grand Court on November 10, 2017, thereby initiating proceedings.

To understand the relevance of the discovery that the JOLs request, it is necessary to look to the JOLs' allegations against Almazeedi.[3] According to the JOLs, Almazeedi caused BTU Power Company to incur roughly $31 million in "restructuring costs" that (1) provided no benefit to BTU Power Company, (2) lacked the approval of the BTU Power Company shareholders, in violation of BTU Power Company's Articles of Confederation, and (3) appear to have been paid to entities owned and controlled by Almazeedi and Oishi. See First Michael Penner Aff't ¶¶ 8-9. The JOLs contend that these payments were made to other companies that Almazeedi created and controlled, including BTU Ventures and BTU Industries Holdings, and that Almazeedi created such entities under the umbrella of larger entities under his control, including QGen Industries and the BTU Group. Id. at ¶¶ 12-15. The JOLs also allege that Almazeedi caused BTU Power Company to provide unsecured loans of more than $ 9.3 million to the Manager. Id. at ¶¶ 8-9. Finally, they contend Almazeedi drained BTU Power Company's accounts prior to the issuance of the Winding Up Order, causing BTU Power Company to pay the Manager $ 623,606 in "pre-paid management fees" and $650,000 in "advance legal fees." Id.

The JOLs seek discovery from the following individuals and companies: (1) Alessandro Ucciferri, who was employed as a Controller of QGen Industries from 2007 to 2012, senior

---

[3] Almazeedi disputes each of these allegations. The court takes no position on their merits.

accountant for BTU Industries Holdings from 2007 to 2009, and a financial accounting services consultant for BTU Ventures from 2005 to 2009; (2) Geoffrey Kent, who was employed as Controller of BTU Ventures from 2008 to 2010; (3) Philip Rorabaugh, who was employed as Senior Vice President of Asset Management for BTU Ventures from 2009 to 2012; (4) Teidemann & Associates, P.C., an accounting and financial advisory firm that was engaged to provide services to various BTU Group companies, including BTU Power Company; and (5) Bank of America Corporation, a financial institution at which BTU Ventures and BTU Industries Holdings maintained at least one checking account each. Id. at ¶¶ 16-20.

II.     Discussion

Congress provided in 28 U.S.C. § 1782 a means for taking discovery in the United States for use in foreign proceedings. A district court has authority to grant a § 1782 application when (1) the person from whom discovery is sought "resides or is found" in the district in which the court sits; (2) the discovery is for use before a "foreign or international tribunal"; (3) the application is made by an "interested person"; and (4) the application does not require disclosure of privileged materials. See § 1782(a). Here, all § 1782(a) requirements are met. The Respondents are found in the District of Massachusetts, the JOLs are interested persons, and there is no claim that the application requires disclosure of privileged materials. In his papers, Almazeedi argued that the JOLs had not shown that the requested discovery was for use before a foreign tribunal as no such proceedings against Almazeedi had been initiated. In response, the JOLs pointed out that under Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 259 (2004), § 1782(a) applies so long as foreign adjudicative proceedings are "within reasonable contemplation." With the writ of summons now filed, adjudicative proceedings are pending before the Grand Court, and the court need not weigh the likelihood of future proceedings.

4

Satisfaction of these statutory elements "authorizes, but does not require, discovery assistance." Intel, 542 U.S. at 247. Intel provides four discretionary factors to guide district courts when deciding whether to grant a § 1782(a) application that meets these elements. The court addresses each factor in turn.

First is whether those from whom the applicants seek discovery are participants in the foreign proceeding. When they are, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." Intel, 542 U.S. at 264. While Almazeedi will be a participant in the Grand Court action for which the JOLs seek this discovery, none of the Respondents from whom the JOLs seek discovery will be. Almazeedi even concedes that the Respondents are two steps removed from BTU Power Company. See Almazeedi's Mem. in Opp. to App. 6 [#21]. Because the Respondents appear to be beyond the Grand Court's jurisdiction, this first factor weighs in favor of the JOLs.

The second Intel discretionary factor is "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Id. The requested discovery here relates to Grand Court proceedings against Almazeedi for breach of fiduciary duty, misappropriation of corporate funds, and unjust enrichment in his role as director of BTU Power Company. Almazeedi initially argued that this second factor weighed in his favor because the JOLs had not yet instituted Grand Court proceedings against Almazeedi, but the November 10, 2017, filing of the writ of summons with the Grand Court mooted this argument.

Almazeedi highlights that even after the filing of the writ of summons, the Grand Court has the opportunity to weigh in on the substance of an action brought by joint official liquidators in the name of a liquidated company by sanctioning, or refusing to sanction, the service of

proceedings, pursuant to section 110(2)(a) of the Companies Law (2013 Revision) of the Cayman Islands. Almazeedi argues that this court should wait to order any § 1782 discovery until such sanction is granted. But Almazeedi fails to show any reason why the Grand Court would refuse to sanction these proceedings. With the Grand Court proceedings against Almazeedi already underway and no indication that the Grand Court will refuse to sanction the JOLs' proceedings, this court sees no basis for delaying the requested discovery.

With respect to the receptivity of the Grand Court to the discovery they seek, the JOLs direct the court to a decision by the Cayman Islands Court of Appeal, <u>Lyxor Asset Management SA v. Phoenix Meridian Equity Limited</u>, 2009 CILR 553. <u>See</u> JOLs' Mem. in Support of Am. Mot. for Order Granting Leave to Conduct Discovery Ex. 1 [#8-1]. <u>Lyxor</u> involved an appeal from the Grand Court's denial of an injunction against § 1782 discovery sought in furtherance of proceedings before the Grand Court. The Court of Appeal dismissed the appeal, concluding that there was no basis for an injunction. Almazeedi attempts to distinguish <u>Lyxor</u>, which involved different claims than those Almazeedi faces. But Almazeedi does not direct the court to any contrary authority suggesting the Grand Court would not receive the discovery the JOLs seek. Because the JOLs have shown that the Grand Court is open to receiving § 1782 discovery, and Almazeedi has not shown that the Grand Court would reject such discovery, this factor weighs in favor of granting the JOLs' application. <u>See, e.g.</u>, <u>Chevron Corp. v. Shefftz</u>, 754 F. Supp. 2d 254, 261 (D. Mass. 2010) (that foreign court "appears to still be accepting the submission of documents" weighed in favor of granting discovery request).

Third is "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." <u>Intel</u>, 542 U.S. at 265. Almazeedi argues that the JOLs' request is in bad faith because Almazeedi has already

supplied this discovery. He asserts that the JOLs' § 1782 application is intended solely to harass him. It is undisputed that Almazeedi supplied *some* discovery to the JOLs. As part of the Winding Up Order, the Grand Court permitted the JOLs to take Almazeedi's deposition and ordered the production of documents belonging to BTU Power Company that were in the possession of BTU Power Company, the Manager, Almazeedi and QGen. See First Michael Penner Aff't Ex. 3 [Grand Court Discovery Order] [#9-3]. However, the JOLs contend that this discovery did not answer where the money that BTU Power Company spent went. In order to answer this question, they need access to documents and information relating to the various Almazeedi-controlled, BTU-related entities in the United States. The court finds that the JOLs present a good faith basis for requesting this discovery from the Respondents.

The fourth Intel discretionary factor is whether the requested discovery is "unduly intrusive or burdensome." Id. Here Almazeedi repeats the contention addressed above that the requested discovery is merely duplicative of discovery requests from the Grand Court with which he has already complied. For the reasons set forth in the analysis of the third Intel discretionary factor, the requested discovery is not merely duplicative.

On balance, the Intel discretionary factors weigh in favor of granting the requested discovery. Accordingly, the JOLs' Renewed Application for Order Granting Leave to Conduct Discovery for Use in Proceeding in Foreign Tribunal [#7] is GRANTED.

IT IS SO ORDERED.

November 22, 2017                                    /s/ Indira Talwani
                                                     United States District Judge